**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Z.T., a minor, by CRISTY THOMAS, his Guardian, and CRISTY THOMAS,

    Plaintiffs

v.

Assurity Life Insurance Company,

    Defendant

Case No.: 2:18-cv-02261-JAD-DJA

**Order Dismissing Action
for Want of Prosecution**

On June 8, 2021, the Court entered an order advising that his case would be dismissed for want of prosecution if no action was taken by July 8, 2021.[1] Plaintiffs filed nothing. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of

---

[1] ECF No. 36 (notice regarding intent to dismiss for want of prosecution).

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24.

prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5]  A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[6] and that warning was given here.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice for want of prosecution.  The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 29, 2021

---

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Henderson*, 779 F.2d at 1424.

[7] ECF No. 36.

2